Ernest A. Schmidt et al., Appellees, v. J. F. Schmidt
Brothers Company et al., on appeal of John F.
Schmidt, Appellant.

## Gen. No. 19,851.

Ernest A. Schmidt et al., Plaintiffs in Error, v. John
F. Schmidt et al., Defendants in Error.

## Gen. No. 20,602.

CORPORATIONS, § 173*—*when majority stockholder cannot transfer
rights and property of corporation.* Where the property and good
will of a business has been transferred by the owner to a corpora-
tion, he receiving therefor a majority of the stock in the corpora-
tion, an agreement between him and the other stockholders, as in-
dividuals, to wind up the corporation and transfer the corporate
property and good will to the minority stockholders is invalid,
when not ratified by the corporation, and a bill by the minority
stockholders for specific performance and an injunction cannot be
maintained.

McSURELY, J., dissenting.

Appeal from the Circuit Court of Cook county; in case No.
19,851.   Error to the Circuit Court of Cook county in case No.
20,602; the Hon. ADELOR J. PETIT, Judge, presiding.   Heard in this
court at the October term, 1913.   Reversed and remanded with di-
rections.   Opinion filed March 29, 1915.

Statement by the Court.   This was a bill for an
injunction and specific performance brought by Ern-
est A., Henry W., Otto E. and August T. Schmidt
against their brother, John F. Schmidt, the J. F.
Schmidt Brothers Company, H. E. Littler, G. W. Gron-
berg and F. A. McKee.   The cause proceeded to a
hearing on the pleadings and proofs and the court en-
tered a decree dismissing the bill as to the J. F. Schmidt
Brothers Company and granting relief against John
F. Schmidt.   From this decree John F. Schmidt ap-
pealed.   The J. F. Schmidt Brothers Company has as-

ˢ See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same
topic and section number.

signed cross-errors questioning the dismissal of the bill as to it. Complainants in the bill have sued out a writ of error and assigned for error the dismissal of the bill as to the J. F. Schmidt Brothers Company.

From the proofs it appears that John F. Schmidt began business as a builder and contractor in 1891; that in 1898 or 1899 he employed in his business Henry W. and Ernest A. Schmidt, two of his younger brothers; that in 1902 the J. F. Schmidt Brothers Company was organized with a capital stock of fifteen thousand dollars in one hundred and fifty shares of one hundred dollars each, which was fully paid by transferring to the corporation the property and good will of the business theretofore carried on by John F. Schmidt. The corporation issued to John F. Schmidt one hundred and thirty shares of the capital stock and to Henry W. and Ernest A. each ten shares, for which they paid either the corporation or John F. Schmidt. Henry W., Ernest A. and Otto E. Schmidt were employed by the corporation from the time it was organized, and a few months later, August T., the remaining brother, was also employed by the corporation. In 1904 Henry W. severed his connection with the corporation and removed from Chicago. After the organization of the corporation its business seems to have been satisfactory and the brothers of John F. Schmidt, with the exception of Henry W., were employed by the corporation and paid wages according to their experience. In March, 1907, it was agreed between John F. Schmidt and his brothers, Otto E., August T. and Ernest A., that the latter should receive for the ensuing year twenty per cent. of the profit made by the corporation. March 7, 1908, an accounting was had between the parties to the agreement of 1907, and a memorandum prepared showing the profit for the preceding year. The contention of John F. Schmidt was and is that in the making of this settlement he was overreached by his brothers.

At the time of the settlement of March 7, 1908, an understanding was reached as to the division of profits for the ensuing year, and the brothers continued to work for the corporation and on March 1, 1909, asked for a settlement for the preceding year, but no settlement was agreed on. Propositions to purchase John F. Schmidt stock were submitted but not accepted. Finally on September 3, 1909, an agreement in writing was prepared and signed by the complainants and John F. Schmidt, which constitutes the basis of this suit and is as follows:

"Agreement by the undersigned Henry John Otto August and Ernest Schmidt for the purchase of tools now at Gary, Indiana, belonging to J. F. Schmidt Bros. Co., including also jack screws now at 1705 Fairfield Ave. and 20 wheelbarrows now at 1673 N. Rockwell St., for the sum of $1,000 cash paid to J. F. Schmidt by Otto August and Ernest for the said tools.

J. F. Schmidt agrees to and with said O. A. & E. & H. to wind up the corporation of the said J. F. Schmidt Bros. Co. in a lawful manner within three months and O. A. & E. Schmidt agree to aid in the settlement of all former and present accounts and bills which shall be credited to and charged to J. F. Schmidt until completely disposed of.

J. F. Schmidt is not to use the name of J. F. Schmidt Bros. Co. for any new work and in consideration of this agreement each of the said mentioned A. T. Schmidt, Otto E. Schmidt, E. A. Schmidt, J. F. Schmidt and H. W. Schmidt waive all claims of every kind and description against the other and all the said parties hereto absolutely release the other from each and every charge ever made, by any or either of them, and to work in harmony toward this end.

Signed:

A. T. SCHMIDT,
OTTO E. SCHMIDT,
J. F. SCHMIDT,
H. W. SCHMIDT,
E. A. SCHMIDT."

Witness:
HENRY C. BACH.

Fred H. Atwood, Frank B. Pease, Charles O. Loucks and Vernon R. Loucks, for John F. Schmidt, appellant and J. F. Schmidt Bros. Co., H. E. Littler, G. W. Gronberg and F. A. McKee, appellees.

Alden, Latham & Young, for defendants in error; T. A. Sheehan, of counsel.

Mr. Justice Baker delivered the opinion of the court.

The parties in making the above contract acted in their own names and on their own behalf and did not purport to bind the Company, whose right to the property mentioned in the contract they assumed to ignore. The subject-matter of the contract was the property of a corporation and not of either of the parties to the contract. The fact that the J. F. Schmidt Company was a "one man corporation," the stock of which was owned and the corporation controlled by John F. Schmidt, does not affect the question of the right of the stockholders by a contract between themselves to make a valid contract for the sale or disposal of the corporate property.

We regard the case of *Sellers v. Greer*, 172 Ill. 549, as decisive of the questions in this case. In that case the 1,000 shares of the capital stock were held by Sellers and Greer equally except two shares held in the names of the respective sons of the parties, and it was held that the sons were mere nominal shareholders, but that a contract by appellant Sellers to sell to Greer certain patents and other property belonging to the corporation had no binding effect; that a court of equity cannot enforce specific performance of a contract by a stockholder to dispose of the corporate property, made without the authority of the corporation and not afterwards ratified; that a bill for the specific performance of an agreement to sell property will not be retained to assess damages for a breach

of the contract, when the complainant knew when he filed his bill that the vendor had parted with the title to the property. In this case, the complainants knew when they filed their bill that John F. Schmidt had transferred the property and good will of the contracting business in which he was engaged to the corporation and that he had therefore parted with the title to the property which he agreed to transfer to them. Knowing these facts the complainants could not maintain a bill for specific performance, nor for an injunction of the character here sought and decreed. The dismissal of the bill against the corporation was right, but the bill should have been dismissed against all the defendants for want of equity.

The decree of the Circuit Court is reversed and the cause remanded with directions to dismiss the bill for want of equity.

*Reversed and remanded with directions.*

MR. JUSTICE McSURELY dissents.